UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

JOEFFRE KOLOSKY,

       Plaintiff,

v.                           **MEMORANDUM OF LAW & ORDER**
                             Civil File No. 04-1427 (MJD/JGL)

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

       Defendant.
_____

Joeffre Kolosky, pro se.

John Harper, III, and Terrance J. Wagener, Krass Monroe, Counsel for Defendant.
_____

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Joeffre Kolosky's Motion for Order to Deny Defendant's Stay of Judgment. [Docket No. 52]

## II.    BACKGROUND

On January 14, 2005, the Court entered judgment for Plaintiff Joeffre Kolosky in the amount of $14,440.00 on his long term disability insurance claim against UNUM Life Insurance Company of America. UNUM has appealed that ruling to the Eighth Circuit Court of Appeals.

UNUM filed a motion requesting the Court to stay enforcement of the

1

judgment pending appeal under Federal Rule of Civil Procedure 62.  On March 2, 2005, the Court granted UNUM's motion under the following conditions:

> Defendant's motion for a stay of judgment during the pendency of the appeal is **GRANTED** if and only if Defendant posts a supersedeas bond with the Clerk of Court in the amount of fourteen thousand four hundred and forty dollars ($14,440.00) within two weeks from the date of this Order.

[Docket No. 50]

UNUM filed an appeal bond in the amount of $14,440.00 on March 24, 2005, twenty-two days after the date of the Court's Order.  [Docket No. 51]

On March 31, Kolosky filed the instant Motion for Order to Deny Defendant's Stay of Judgment.

### III.   DISCUSSION

If a party posts a supersedeas bond, it is entitled to a stay of judgment pending appeal as a matter of right.  Fed. R. Civ. P. 62(d); Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966) (Memorandum of Harlan, J.); Knutson v. AG Processing, Inc., 302 F. Supp. 2d 1023, 1032-33 (N.D. Iowa 2004) (collecting cases).

Kolosky argues that, because UNUM was eight days late in filing its bond, it violated the Court's Order and is not entitled to a stay of judgment.  He argues that UNUM has no good excuse for being late and that, according to the bond itself, it was prepared by the surety on March 10.  Additionally, he asserts that

UNUM should have contacted him and warned him that the bond would be late.

UNUM responds that the Court should excuse its failure to comply with the Court's Order because its late filing constitutes "excusable neglect." See Fed. R. Civ. P. 6(b) ("When . . . by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . ."); Fed. R. Civ. P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . .").

The question of whether neglect is 'excusable' is essentially an equitable one. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Courts should take into account "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.; Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 462 (8th Cir. 2000).

UNUM does not have a justifiable reason for being late. Although obtaining the bond did require action by a third party, the bond appears to have been

prepared by the surety by March 10, six days before its required filing date. On the other hand, UNUM's ability to file the bond on time was, in part, dependent on the surety's speed in preparing the bond and its agent's speed in returning the completed bond to UNUM; the eight day delay was small; the bond is now in place and was put into place without Court intervention; UNUM does not appear to have acted in bad faith; and Kolosky has not been prejudiced by the delay. Although the Court is disappointed by UNUM's failure to obey its Order, based on a balancing of the equities, the Court will deny Kolosky's motion and allow the stay to remain.

**IT IS HEREBY ORDERED** that

Plaintiff Joeffre Kolosky's Motion for Order to Deny Defendant's Stay of Judgment [Docket No. 52] is **DENIED**.

Dated: May 12, 2005               s/ Michael J. Davis
                                  Judge Michael J. Davis
                                  United States District Court